IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

DANIEL RAY GARCIA,                                §
Institutional ID No. 2354476,                     §
                                                  §
            Plaintiff,                            §
                                                  §
v.                                                §          CIVIL ACTION NO. 5:21-CV-112-BQ
                                                  §
MICHAEL Q. WATSON,                                §
                                                  §
            Defendant.                            §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Proceeding pro se and *in forma pauperis*, Plaintiff Daniel Ray Garcia filed this action under

42 U.S.C. § 1983, claiming violations of his constitutional rights during his detention at the Gaines

County Jail (Jail). Compl. 1–2, ECF No. 1.[1] The United States District Judge transferred this case

to the undersigned United States Magistrate Judge for further proceedings. ECF No. 11. The

undersigned thereafter reviewed Garcia's Complaint, as well as authenticated records from the

Jail, and ordered Garcia to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886,

892–93 (5th Cir. 1976).[2] ECF No. 20. Garcia timely completed and returned the questionnaire.

ECF No. 22.

Not all parties have consented to proceed before the undersigned magistrate judge. In

accordance with the order of transfer, the undersigned recommends that, in accordance with 28

---

[1] Page citations to Garcia's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[2] The Court did not find it feasible to hold a hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985) due to the COVID-19 pandemic.

U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the district judge dismiss with prejudice Garcia's Complaint and all claims asserted therein.

## I.    Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements

of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II.    Discussion

### A. Garcia's claims.

Garcia names a single Defendant in this action: Michael Q. Watson, M.D. Compl. 1. Garcia alleges that in July 2019 while detained at the Jail, he told Dr. Watson he had suffered a stroke because he "could not walk right on [his] left side." *Id.* According to Garcia, Dr. Watson ordered an MRI, which confirmed Garcia had indeed suffered "a major strok[e]." *Id.* Garcia asserts that despite this diagnosis, Dr. Watson "has Done nothing to help [Garcia] in walking right," nor has Dr. Watson prescribed an extra mattress or rehabilitation, although Garcia made requests for such provisions. *Id.* According to Garcia, however, Dr. Watson routinely examined Garcia, ordered a second MRI in April 2021, and prescribed "pills," which Garcia refused to take. *Id.*; *see* Questionnaire 1–5, 7, ECF No. 22. Garcia also avers that he informed Dr. Watson he previously had cancer; therefore, Garcia needed to be examined yearly by his "cancer doctor" and receive a CAT scan. Compl. 2; Questionnaire 7.

Garcia does not allege any specific, non-speculative harm as a result of Dr. Watson's purported failure to provide adequate medical care. *See* Questionnaire 6, 8. And Garcia solely seeks injunctive relief for the alleged constitutional violations. Compl. 2 ("[A]ll I ask this Court to do is Grant me a[n] injunction to the Docter [sic] to Give me proper medical care in the future or presant [sic]" and also "open a[n] investigation on this county of Gaines from the medical to the Court it is corrupt.").

3

**B. Garcia's claims for injunctive relief are moot because he has been transferred from the Jail.**

Garcia filed this action while detained at the Gaines County Jail. *See* Compl. 3. On July 22, 2021, however, the Court received a notice from Gaines County advising that Garcia "ha[d] been transferred to the Texas Department of Criminal Justice." ECF No. 14. Garcia similarly filed a notice of change of address on August 10, 2021, reflecting such transfer. ECF No. 15. Garcia does not indicate that he expects to return to the Jail. His request for injunctive relief is therefore moot. *See Simms v. Preston E. Smith Med. Dep't*, 854 F. App'x 603, 603 (5th Cir. 2021) (per curiam) (affirming district court's dismissal of prisoner's complaint, where prisoner sought only injunctive relief requiring the provision of medical treatment, against institution from which he had since been transferred); *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an [offending] institution often will render his claims for injunctive relief moot."); *Qadir v. Eason*, No. 1:01–CV–167–C, 2003 WL 22433910, at *4 (N.D. Tex. Aug. 12, 2003) (explaining that "a prisoner's claims for injunctive and declaratory relief following an alleged violation of the Eighth Amendment may be mooted by his transfer to another prison facility"). Because the only relief Garcia seeks in this action is injunctive relief against Dr. Watson—an "off-site Contracted Professional" associated with the Jail (*see* Compl. 1)—the district judge should dismiss his claims.

### III.    Recommendation

For these reasons, the undersigned recommends that the United States District Judge dismiss with prejudice as moot Garcia's Complaint and all claims alleged therein.

### IV.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 7, 2022.

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**